[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

MAXELL, LTD.,

*Plaintiff*,

v.

CORETRONIC CORP., OPTOMA CORP.,

*Defendants*.

Case No. 5:24-cv-00088-RWS

[redacted]

# PLAINTIFF MAXELL, LTD.'S OPPOSED MOTION TO AMEND ITS INFRINGEMENT CONTENTIONS

[redacted]

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1
II. LEGAL STANDARDS ..... 2
III. BACKGROUND ..... 2
A. Defendants' Slow, Piecemeal Disclosure of OEM Sales ..... 3
B. Defendants' Delayed Production of All Relevant Source Code ..... 5
C. Defendants' Newly Released Optoma-Brand Projectors ..... 6
IV. ARGUMENT ..... 6
A. The products and information Maxell seeks to add to its infringement contentions were not known to Maxell at the time of service of its initial contentions. ..... 8
B. Maxell's proposed supplement is important. ..... 10
C. No prejudice will result from allowing the amended infringement contentions. ..... 11
D. An extension of expert and fact discovery would cure any prejudice without the need for a continuance. ..... 12
V. CONCLUSION ..... 13

[redacted]

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CogniPower LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:23-CV-00160-JRG, 2024 WL 128207 (E.D. Tex. Jan. 11, 2024) ....2

*Cutting Edge Vision, LLC v. TCL Tech. Grp. Corp.*,
No. W-22-CV-00285-ADA, 2023 WL 4002539 (W.D. Tex. June 14, 2023) ....11, 12

*GREE, Inc. v. Supercell Oy*,
No. 2:19-cv-00311-JRG-RSP, 2020 WL 7698831 (E.D. Tex. Dec. 28, 2020) ....10

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015) ....2

*Mass Engineered Design, Inc. v. Ergotron, Inc.*,
No. 2:06-cv-272, 2008 WL 1930299 (E.D. Tex. Apr. 30, 2008) ....10, 12

*Mondis Tech., Ltd. v. LG Elecs., Inc.*,
Nos. 2:07-cv-565-TJW-CE, 2:08-cv-478-TJW, 2011 WL 2149925 (E.D. Tex. May 5, 2011) ....12

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
No. 1:17-cv-01972, 2023 WL 112559 (N.D. Ill. Jan. 5, 2023) ....12

*Realtime Data, LLC v. Rackspace US, Inc.*,
No. 6:16-CV-00961, 2017 WL 2636540 (E.D. Tex. June 19, 2017) ....9, 12

*SmartPhone Techs. LLC v. HTC Corp.*,
No. 6:10-CV-580, 2012 WL 1424173 (E.D. Tex. Mar. 16, 2012) ....10

*TiVo, Inc. v. Verizon Commc'ns, Inc.*,
No. 2:09-CV-257-JRG, 2012 WL 2036313 (E.D. Tex. June 6, 2012) ....10

[redacted]

# TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| Exhibit A (including Exhibits A-1 through A-10) | Maxell's Amended Infringement Contentions |
| Exhibit B | Defendants' Third Supplemental Answers to Plaintiff's Interrogatories Nos. 3 and 22 |
| Exhibit C | Defendants' Verification of its Third Supplemental Answers to Plaintiff's Interrogatories Nos. 3 and 22 |
| Exhibit D | Defendants' produced document CORE0019325 |
| Exhibit E | Defendants' produced document CORE0019501 |
| Exhibit F | Defendants' produced document CORE0019662 |
| Exhibit G | Defendants' produced document CORE0020186 |
| Exhibit H | Excerpts of the Deposition Transcript of Ying-Hui (Katherine) Liang |
| Exhibit I | July 26 Email from A. Stephenson to E. Schweibenz with previous messages |
| Exhibit J | July 26 Kiteworks Email from A. Stephenson to Defendants disclosing redlined versions of Maxell's Amended Infringement Contentions |
| Exhibit K | August 6 Email from E. Schweibenz to B. Nese with previous messages |
| Exhibit L | August 9 Email from B. Nese to E. Schweibenz with previous messages |

[redacted]

Pursuant to P.R. 3-6(b), Plaintiff Maxell, Ltd. ("Maxell") hereby moves for leave to amend its infringement contentions (redline versions showing the proposed changes are attached as Exhibit A[1]). Defendants Coretronic Corp. ("Coretronic") and Optoma Corp. ("Optoma") (collectively, "Defendants") oppose in part.

## I. INTRODUCTION

Maxell seeks leave to amend its infringement contentions in three ways: (1) to add as accused products projectors that Coretronic manufacturers for third parties; (2) to add as accused products additional Optoma-brand projectors that have been released since Maxell's original infringement contentions; and (3) to add additional citations to source code, deposition transcripts, and documents produced throughout this case. Defendants appear not to dispute categories (2) and (3), but do challenge Maxell's request for category (1).

Good cause exists for each category of amendments. Regarding the accused projector models manufactured by Coretronic for third parties, Maxell only became aware that these models were manufactured by Coretronic after receiving confidential discovery throughout this case. Maxell worked diligently to obtain a complete list of all such third-party projectors, but Defendants did not identify all such sales until as late as July 2025. Maxell then worked quickly to provide Defendants with amended infringement contentions, including claim charts for each of the asserted patents by July 26. On August 6, Defendants indicated that they would oppose this aspect of Maxell's motion to amend.

Defendants would not be prejudiced by these amendments. Any delay in Maxell bringing this motion was a result of Defendants' own delays in providing a complete listing of the model

[1] References to "Exhibit ___" refer to the exhibits to the Declaration of Amanda E. Stephenson, filed concurrently herewith. To make Exhibit A easier to transmit, it has been broken into Exhibits A-1 through A-10. References to "Exhibit A" should be understood to include Exhibits A-1 through A-10.

[redacted]

numbers it manufacturers for third parties who sell to the United States. It would not have been efficient for Maxell to seek leave to amend its contentions each time Defendants revealed the identity of a new third-party customer. Moreover, the parties have not yet submitted opening expert reports, and Defendants will have ample time to address whatever noninfringement theories they intend to advance for these projectors at that time. Indeed, fact discovery is still ongoing, and Defendants have yet to depose Maxell or its corporate witnesses.

Accordingly for the reasons provided here, good cause exists for Maxell to amend its infringement contentions to match the new information uncovered during discovery. Maxell's motion should be granted.

## II. LEGAL STANDARDS

Patent Rule 3-6(b) permits a party to amend or supplement its Infringement Contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). This Court evaluates "good cause" using four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *CogniPower LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-CV-00160-JRG, 2024 WL 128207, at *2 (E.D. Tex. Jan. 11, 2024) (quoting *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)). Maxell addresses each of these factors in turn.

## III. BACKGROUND

Maxell served its P.R. 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions on Defendants in this case on October 28, 2024 ("Disclosure" or "original infringement contentions"). In its Disclosure, Maxell set forth its asserted claims and infringement contentions for each of the seven asserted patents: U.S. Patent No. 7,159,988 ("the '988 Patent"); U.S. Patent No. 7,850,313 ("the '313 Patent"); U.S. Patent No. 8,593,580 ("the '580 Patent"); U.S.

[redacted]

Patent No. 9,322,530 ("the '530 Patent"); U.S. Patent No. 9,547,226 ("the '226 Patent"); U.S. Patent No. 9,565,388 ("the '388 Patent"); and U.S. Patent No. 9,900,569 ("the '569 Patent") (collectively, the "Asserted Patents").

As discovery progressed, however, new information was revealed, which Maxell now seeks to add to those contentions.

**A. Defendants' Slow, Piecemeal Disclosure of OEM Sales**

Maxell's October 2024 Disclosure was based on publicly available information at the time and, as such, accused only Optoma-branded projectors. But, as the case progressed, discovery revealed that Defendants also act as an original equipment manufacturer ("OEM"), supplying projectors to third-party corporate customers ("OEM customers" or "third parties") in the United States or with the understanding that OEM customers will sell the projectors in the United States.

On November 18, 2024, Maxell served its first set of interrogatories (Nos. 1-22) on Defendants. After a protracted period where Defendants refused to provide responsive information, on March 11, 2025, Defendants disclosed [redacted] Exhibit D; *see also* Exhibit B at 2-3, 6 (identifying [redacted]).

Additionally, on April 9, 2025, in response to Maxell's Interrogatory No. 22[2], Defendants first disclosed two documents that purportedly [redacted]

[2] Maxell's Interrogatory No. 22 states: "Please describe with particularity the relationship between Coretronic and Optoma, including without limitation the ownership of each entity, the role of each entity in the design, manufacture, development, sale, offer for sale, importation into

[redacted]

[redacted]." Exhibit B at 6 (emphasis added) (identifying CORE0019325 and CORE0019501); Exhibit C.

Defendants' representations would later prove false. Neither document Defendants identified included sales to OEM customers besides [redacted]. *See* Exhibit D; Exhibit E. It was not until June 17, 2025, that Defendants disclosed [redacted].[4] Exhibit F.

Even by June 2025, Defendants had not provided a complete list of their OEM customers who sell infringing products in the U.S. From June 23 through June 26, 2025, Maxell deposed five witnesses testifying on behalf of Defendants pursuant to Federal Rule 30(b)(6). The deposition of one of Defendants' corporate witnesses, Ms. Katherine Liang, revealed that Defendants also supply projectors to [redacted]. Exhibit H at 116-17. After this revelation, on July 3, 2025, Defendants disclosed [redacted]. Exhibit

---

the U.S., exportation from the location of manufacture, and distribution of Your projectors, including the Accused Products." Exhibit B at 4.

[3] Defendants' have not identified [redacted] as a customer in its responses to Maxell's interrogatories. However, Defendants' sales documents reveal sales of projectors to [redacted] *See* Exhibit F. Searching for the model number of Defendants' products sold to [redacted], returns results attributed to [redacted] (last visited August 11, 2025). Thus, Maxell refers to [redacted]

[4] Defendants' have not identified [redacted] as a customer in its responses to Maxell's interrogatories. However, Defendants' sales documents reveal sales of projectors to [redacted] *See* Exhibit F. Searching for the model number of Defendants' products sold to [redacted], returns results attributed to [redacted] (last visited August 11, 2025). Thus, Maxell refers to [redacted]

[redacted]

G (disclosing [redacted] products); Exhibit H at 117 (identifying [redacted] as a customer).

Defendants have not provided another supplemental response to Maxell's Interrogatory No. 22 identifying the newly disclosed OEM customers and products. Instead, Maxell relied on the two documents produced by Defendants in June and July 2025,[5] to determine which projectors Defendants sold to several of its OEM customers. Exhibit F; Exhibit G.

Additionally, since Maxell served its Disclosure, Defendants released additional projectors.[6] Maxell has independently analyzed these projectors and determined that a subset of these projectors fall under the description of the Accused Products for the '580, '530 and '226 Patents.

Maxell provided Defendants with a copy of its amended infringement contention cover pleading and claim charts on July 26, 2025. Exhibit I at 1; Exhibit J at 1. The parties met and conferred about the cover pleading and charts on July 28, 2025, and Defendants indicated that they would oppose Maxell's request on August 6, 2025. Exhibit K at 1.

**B. Defendants' Delayed Production of All Relevant Source Code**

As detailed in its Motion to Compel (Dkt. 108), Maxell has sought Defendants' relevant source code since November 2024. For months, Maxell attempted to work with Defendants as they produced code on a piecemeal basis. In April and June 2025, relying on Defendants' representation that all relevant source code was made available for review, Maxell sent its expert to Minneapolis, MN to review Defendants' source code.

[5] The additional documents produced by Defendants were produced on June 17 and July 3, 2025. *See* Stephenson Decl. ¶¶ 8-9.
[6] *See* https://www.optomausa.com/products/projectors (last visited August 11, 2025).

[redacted]

However, relevant source code was missing. It was not until after Maxell filed its Motion to Compel that Defendants finally made the missing relevant source code available for review. Maxell's code expert traveled to Minneapolis, MN to review the complete source code on July 15, 2025. It was not until this date that Maxell had access to all of Defendants' relevant source code. Following this complete production of code, and consistent with P.R. 3-1(g) (*see* Dkt. 36 at § 3(a)), Maxell prepared amended infringement contentions for the '569 and '388 Patents.[7]

### C. Defendants' Newly Released Optoma-Brand Projectors

Further investigation into projectors sold by Defendants also revealed that certain models do not include projection lenses in the projector itself and require attaching an additional projection lens to display a focused image on the screen. As the asserted claims of the '580, '530, and '226 Patents specifically call for projection lenses, Maxell seeks to supplement the accused products for these three Patents to include the projection lenses designed for use with certain accused products in Maxell's Disclosure.[8]

## IV. ARGUMENT

Good cause exists to grant Maxell's request for leave. Maxell was unable to include the additional products, source code, and other materials that it now seeks to add in its infringement contentions because Defendants did not disclose this information until long after the deadline for initial infringement contentions.[9] Maxell seeks to (1) add as accused products projectors that Coretronic manufactures for third parties; (2) to add as accused products additional Optoma-brand projectors that have been released since Maxell's original infringement contentions; and (3) to add

---

[7] Maxell is not relying on source code for the remaining Asserted Patents.

[8] *See* https://www.optomausa.com/products/accessories/optional-lenses (last visited August 11, 2025).

[9] Defendants do not appear to challenge these aspects of Maxell's amendment. *See* Exhibit K ("[redacted]"). *See also* Exhibit L at 1-2, 4, 10.

[redacted]

additional citations to source code, deposition transcripts, and documents produced throughout this case, as shown in Exhibit A.[10]

Adding these additional information would promote efficiency, both for the Court and the parties. Permitting this amendment allows the parties and the Court to adjudicate the infringement of products within the framework of the current case, rather than force Maxell to bring an entirely new case against the same entities involving the same patents.

There is no prejudice in permitting the addition of these products and references to source code, documents, deposition testimony to Maxell's infringement contentions. No infringement theories will be substantively altered by supplementing Maxell's infringement contentions with the additional products and information. Indeed, opening expert reports are more than a month away (on September 18), with rebuttal (noninfringement) reports due nearly two months from now (on October 9). Dkt. 120 at 4. Maxell is not adding new claims or new patents, nor is Maxell altering or adding infringement theories. Thus, no prejudice will result from granting Maxell's motion.

Accordingly, all four factors weigh in favor of finding that good cause exists to grant Maxell leave to supplement its infringement contentions to identify these additional products and include references to source code, technical documents, the Court's claim construction,[11] and deposition testimony.

[10] Maxell has withdrawn the following Accused Products from its amended infringement contentions: L1, ML1050ST+, ML1080ST, and ML1080. Additionally, Maxell has not added any additional Accused Products for the '313 or '988 Patents.

[11] The Court entered its claim construction order on June 30, 2025. Dkt. 111. Maxell served its amended infringement contentions incorporating these constructions on Coretronic within 30 days, on July 26, 2025. Accordingly, this aspect of the amended contentions is proper. *See* P.R. 3-6(a)(1).

[redacted]

**A. The products and information Maxell seeks to add to its infringement contentions were not known to Maxell at the time of service of its initial contentions.**

In its original contentions, Maxell listed all known accused products attributed to Defendants by model number that it was able to identify based on publicly available information. Anticipating that other products could be identified or released during the course of the case, Maxell further defined the accused products to include any additional product with the same accused functionality in its infringement contentions. Exhibit A-1 at 6-9.

More specifically, Maxell included the following in its infringement contentions: "[T]he accused products include at least" Defendants' products "and any yet to be released products or additional products that implement the same or similar technology and/or hardware as identified in" the contentions. *Id.* Moreover, Maxell's infringement contentions stated: "[S]hould discovery reveal that Defendants have committed acts of infringement related to any products other than those listed above, including newly released products or additional products with similar functionality identified in Appendices 1-7, Maxell reserves the right to supplement these contentions." Exhibit A-1 at 5-9. Thus, Defendants were on notice that Maxell intended to add any products released or disclosed by Defendants during discovery.

Discovery did eventually reveal that Defendants manufacture projectors for numerous third parties (who then sell these projectors throughout the U.S.), including [redacted]. It was not until July 3, 2025, however, that Maxell was given a complete picture of Defendants' sales to third parties. Exhibit G (disclosing [redacted] products); *see also* Section III, *supra*. Until Defendants disclosed the identifies and models of accused products, Maxell was unaware of these infringing sales by Coretronic. Indeed, as these OEM relationships appear to be non-public, Maxell could not have been aware of them sooner. Simply

[redacted]

searching for these newly discovered products reveals that these OEM customers do not advertise that their products were manufactured by Defendants.[12]

Thus, Defendants' sales of potentially infringing products to the OEM customers to be sold in the U.S. is not publicly available, and it was not until early July that Defendants had a complete picture of the full scope of Defendants' infringement. Desiring to avoid piecemeal amendment of its infringement contentions, and now that it has a complete accounting of products sold to Defendants' OEM customers, Maxell now seeks leave to amend its contentions with these accused products.

Moreover, since Maxell's Disclosure, Defendants launched several additional products on its own website. Five projectors implement accused features and functionalities of the '580, '530, and '226 Patents, as set forth in Maxell's infringement contentions.[13] Maxell now seeks to supplement its infringement contentions to identify these products by model number. Specifically, Maxell seeks to supplement its infringement contentions to identify the additional products for each asserted patent as shown in Maxell's Amended Infringement Contentions. Exhibit A-1 at 5-9.

This Court has repeatedly granted motions for leave to supplement infringement contentions based upon new products or information newly revealed during discovery. *See, e.g.*,

[12] *See, e.g.*, [redacted] (last visited August 11, 2025); [redacted] (last visited August 11, 2025); [redacted] (last visited August 11, 2025).

[13] These five additional accused products are the ZK1120, ZK1320, ZK420UST, GT4000UHD, and HCPRO-4400. https://www.optomausa.com/products/projectors (last visited August 11, 2025).

[redacted]

*Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 2636540, at *3 (E.D. Tex. June 19, 2017) (finding diligence and granting motion for leave to add new products where information about products identified for first time in deposition); *TiVo, Inc. v. Verizon Commc'ns, Inc.*, No. 2:09-CV-257-JRG, 2012 WL 2036313, at *2 (E.D. Tex. June 6, 2012) (granting motion to supplement to add product not deployed at time of original infringement contentions); *SmartPhone Techs. LLC v. HTC Corp.*, No. 6:10-CV-580, 2012 WL 1424173, at *2 (E.D. Tex. Mar. 16, 2012) (granting motion to amend infringement contentions to add devices released after original infringement contentions served); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06-cv-272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008) (granting leave to amend infringement contentions to address new accused products where plaintiff showed good cause based on defendant's delay in providing discovery related to the new products and the defendant would not suffer prejudice).

The Court should do the same here and allow Maxell to amend its infringement contentions to include the products and information disclosed since Maxell filed its Disclosure. Maxell has been diligent in seeking this discovery from Defendants, and it was not until just weeks ago that the full picture had emerged. *See* Exhibit L at 3-4.

**B. Maxell's proposed supplement is important.**

As to this factor, the Eastern District of Texas considers the effects of exclusion on judicial economy. *See, e.g.*, *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00311-JRG-RSP, 2020 WL 7698831, at *3 (E.D. Tex. Dec. 28, 2020) ("For the sake of judicial economy, it would be very advantageous to include the amended infringement contentions to avoid another suit."); *TiVo*, 2012 WL 2036313, at *2. If exclusion will result in non-adjudication of a dispute between the parties, then this factor weighs in favor of the party moving to amend because exclusion raises the probability of a subsequent lawsuit. *See GREE*, 2020 WL 7698831, at *3.

[redacted]

Maxell's proposed supplement to its infringement contentions is important because it ensures that Maxell will have the opportunity to establish infringement and damages relating to products that have been made available for sale in the United States during the relevant damages period. If Maxell is not permitted to add these products, the parties would be forced to litigate whether these additional products infringe the Asserted Patents in a separate litigation, based on almost entirely the same discovery exchanged already in this litigation—including the same depositions, documents, and source code Maxell seeks to include in the amended infringement contentions. This result would waste the resources of both the Court and the parties.

Moreover, exclusion of additional accused products would impede full and fair resolution of the entire dispute between Maxell and Defendants related to the Asserted Patents. As such, this factor weighs in favor of granting Maxell's motion.

**C. No prejudice will result from allowing the amended infringement contentions.**

Defendants will not be prejudiced by allowing Maxell to amend its infringement contentions. The requested supplementation will not change or add to any prior infringement theories, do not add new patents, and do not add new patent claims.

Instead, Maxell seeks to add products based on documents produced by Defendants, Defendants' responses to Maxell's Interrogatories, and testimony of Defendants' corporate witnesses. Moreover, Maxell seeks to provide more detail to its existing infringement contentions by adding citations to Defendants' own products, witness testimony, documents, and source code—similar to what courts in this Circuit have permitted. *See Cutting Edge Vision, LLC v. TCL Tech. Grp. Corp.*, No. W-22-CV-00285-ADA, 2023 WL 4002539, at *3 (W.D. Tex. June 14, 2023) (allowing amended infringement contentions where "[t]he accused devices are highly similar, share nearly identical infringement reads, and should not be a surprise to Defendants").

[redacted]

To be sure, the delay in disclosing products sold in the U.S., the delay in document production, and the delay in producing source code was caused by Defendants. *See* Section III, *supra* (noting document requests and interrogatories served in November 2024 but not fully answered until July 2025). Thus, Defendants cannot credibly claim that they will be prejudiced by their own belated disclosures. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 1:17-cv-01972, 2023 WL 112559, at *4 (N.D. Ill. Jan. 5, 2023) (citing *Mondis Tech., Ltd. v. LG Elecs., Inc.*, Nos. 2:07-cv-565-TJW-CE, 2:08-cv-478-TJW, 2011 WL 2149925, at *2 (E.D. Tex. May 5, 2011) ("TPV cannot complain of prejudice when it was TPV's discovery procedures that created, at least in part, the problem.")).

This factor weighs in favor of allowing Maxell to amend its infringement contentions.

**D. An extension of expert and fact discovery would cure any prejudice without the need for a continuance.**

Alternatively, if the Court determines that Defendants would be prejudiced, an extension of fact and expert discovery, not denial of this motion, is the more-appropriate course. Should the Court be sympathetic to Defendants' complaints that they do not have sufficient time remaining in fact and expert discovery to respond to Maxell's amended infringement contentions, granting a modest extension of both would cure that prejudice. *See Realtime Data, LLC*, 2017 WL 2636540, at *4 (finding no continuance necessary where fact and expert discovery could be extended without moving the trial date); *Mass Engineered Design*, 2008 WL 1930299, at *4 (finding that no prejudice existed where the parties "agreed to extend expert report and discovery deadlines"); *see also Cutting Edge Vision, LLC*, 2023 WL 4002539, at *3.

Here, no trial date is currently set (Dkt. 117), allowing for "some wiggle room in the current schedule." *See Realtime Data*, 2017 WL 2636540, at *4. Thus, this factor weighs in favor of allowing Maxell to amend its infringement contentions.

[redacted]

## V. CONCLUSION

Maxell requests leave to supplement its infringement contentions only to identify by model number products that were discovered to be sold in the United States by Defendants after Maxell served its initial infringement contentions and to add information disclosed by Defendants after Maxell's Disclosure. Maxell's proposed supplementation does not alter any prior infringement theories advanced by Maxell. Maxell respectfully submits that it meets the good-cause standard of P.R. 3-6(b). In view of the foregoing, Maxell respectfully requests that its motion be granted.

Dated: August 11, 2025

By: */s/ Bryan Nese*

Geoff Culbertson
Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Kfir B. Levy
Alan M. Grimaldi
James A. Fussell, III
Bryan C. Nese
Don H. Min
Baldine B. Paul
Tariq Javed
Séké Godo
Amanda E. Stephenson
Young Kyoung (Claire) Kim
So Ra Ko
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
klevy@mayerbrown.com

[redacted]

agrimaldi@mayerbrown.com
jfussell@mayerbrown.com
bnese@mayerbrown.com
dmin@mayerbrown.com
tjaved@mayerbrown.com
sgodo@mayerbrown.com
astephenson@mayerbrown.com
clairekim@mayerbrown.com
sko@mayerbrown.com

*Counsel for Plaintiff Maxell, Ltd*

[redacted]

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). The undersigned certifies that the sealed document was served on all counsel of record electronically via e-mail in compliance with Local Rules CV-5(a)(7)(D) and CV-5(c), on August 11, 2025.

By: */s/ Bryan Nese*
Bryan Nese

## CERTIFICATE OF CONFERENCE

I certify that Plaintiff Maxell, Ltd. has complied with the requirements of Local Rule CV-7(h) and the Discovery Order governing this case. Specifically, local and lead counsel for the parties met and conferred by video conference on July 28, 2025, and via e-mail thereafter. Despite the parties' good-faith efforts to resolve this dispute, the parties reached an impasse, as memorialized in an August 6, 2025, email from Defendants' counsel.

By: */s/ Bryan Nese*
Bryan Nese

*/s/ Geoff Culbertson*
Geoff Culbertson

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]