IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MAXELL, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-88-RWS-JBB |
| | § | |
| CORETRONIC CORP., OPTOMA CORP., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants Coretronic Corp. and Optoma Corp.'s Objections (Docket No. 104) to the Report and Recommendation of the Magistrate Judge (Docket No. 97). Plaintiff Maxell, Ltd. filed a response. Docket No. 106. For the reasons set forth below, the objections (Docket No. 104) are **OVERRULED**, and the Report (Docket No. 97) is **ADOPTED** as the opinion of the Court.

I.  **BACKGROUND**

Plaintiff filed this action against Defendants alleging infringement of U.S. Patent Nos. 7,159,988; 7,850,313; 8,593,580; 9,322,530; 9,547,226; 9,565,388; and 9,900,569. Docket No. 1. In two separate motions, Defendants move to dismiss Counts 6 and 7 of Plaintiff's complaint, which allege infringement of U.S. Patent Nos. 9,565,388 (the '388 Patent) and 9,900,569 (the '569 Patent) respectively, based on invalidity under 35 U.S.C. § 102(a)(1). Docket Nos. 22, 24. According to Defendants, if the allegations in Plaintiff's complaint are taken as true, then at least: (1) claim 4 of the '388 Patent is invalid as clearly anticipated by certain prior art Optoma products (HD82/HD8200 and HD83/HD8300), both of which were offered for sale before the filing date of the '388 Patent; and (2) claim 1 of the '569 Patent is invalid as clearly anticipated by certain prior

art Optoma products (EH501 and W316), both of which were offered for sale before the filing date of the '569 Patent. With respect to any other claims of the '388 and '569 Patents which Plaintiff may assert in this case, Defendants argue that, to the extent any of those claims are alleged to cover the asserted products, they would be invalid for the same reasons. Docket Nos. 22 at 17, 28; 24 at 29. On May 16, 2025, the Magistrate Judge entered the Report recommending the motions be denied. Docket No. 97.

## II.   DISCUSSION

Defendants' nine objections fall into two categories: (1) "to the extent each of the allegations in Plaintiff's complaint applies to the specific model projector accused by Plaintiff, those allegations apply with equal force and effect to Defendants' prior art model projectors" (Docket No. 104 at ¶¶ 1, 8–9); and (2) although Plaintiff has accused projectors having different identifying model numbers, "the components thereof – and their respective functions – are identically found in the Defendants' prior art model projectors;" thus, according to Defendants, "the only real difference between the accused projectors and the prior art projectors is their identifying model number – the relevant components and functions identified by Plaintiff as the basis for its claims of infringement are the same in both the accused projectors and the prior art projectors" (*id.* at ¶¶ 2–7).

Defendants' first category of objections has already been considered and rejected. *Compare* Docket No. 104 at ¶ 1 ("[T]o the extent each of the allegations in Plaintiff's Complaint applies to the specific model projector accused by Plaintiff, those allegations apply with equal force and effect to Defendants' prior art model projectors.") *with* Docket No. 22 at 12–27 (claiming, for each claim element of claim 4 of the '388 Patent, that "Plaintiff's allegations . . . are equally applicable with equal force to the" prior art projectors); Docket No. 24 at 8–28 (same for the '569 Patent). Defendants repeat this argument for their eighth and ninth objections. Docket No. 104 at ¶¶ 8–9.

As the Magistrate Judge explained, Defendants' argument on this score is "premature" because Plaintiff "is not required to 'plead around' affirmative defenses." Docket No. 97 at 8–9 (citing *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016)). The Court agrees with the Report's conclusion that Plaintiff has not pleaded itself out of court by accusing products that anticipate the '388 and '569 Patents. *Id.* at 8. Defendants offer no legal authority to support their position and identify no specific errors in the Report's analysis. Their first category of objections is therefore **OVERRULED**.

As for Defendants' second category of objections, they similarly fail to offer legal authority to support their position. In the Report, the Magistrate Judge noted that for purposes of a motion to dismiss on the basis of prior art products, the accused and prior art products must be <u>identical</u>. *See* Docket No. 97 at 6–7 (citing *Metaswitch Networks Ltd. v. Genband US L.L.C.*, No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) (emphasis in original); *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000)); *see also id*. at 10–12 (stating there is no dispute here that the complaint has not accused the same models that Defendants rely on as previously sold and further noting Maxell identifies a number of differences between the prior art and accused projectors that purportedly show they are not "materially identical" to each other). Defendants' objections fail to address the cases relied upon by the Magistrate Judge. The second set of objections is **OVERRULED**.

Finally, Defendants' assertion that there is "no need for any further discovery and claim term in dispute is [not] implicated here" is conclusory. Docket No. 104 at ¶ 7. Again, Defendants fail to provide legal authority in support of this argument. Defendants' objections show no error in the Report. Upon *de novo* review, the Court agrees with the Magistrate Judge that the issue of prior art product invalidity cannot fully or fairly be evaluated at this stage of the case.

III.  **CONCLUSION**

For the reasons set forth above, it is

**ORDERED** that Defendants' objections (Docket No. 104) are **OVERRULED**. It is further

**ORDERED** that the report of the Magistrate Judge (Docket No. 97) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendants' Sealed Motion to Dismiss Count 6 of Plaintiff's Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (Docket No. 22) and Sealed Motion to Dismiss Count 7 of Plaintiff's Complaint for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) (Docket No. 24) are **DENIED**.

**So ORDERED and SIGNED this 30th day of September, 2025.**

*/s/ Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE